## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

LEODIS RANDLE                                                                                    PLAINTIFF

v.                                         4:20-cv-01103-LPR-JJV

PULASKI COUNTY, *et al*.,                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Leodis Randle ("Plaintiff"), incarcerated at the Pulaski County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  Plaintiff sued Pulaski County and Eric Higgins alleging violations of his federally protected rights.  (*Id*.)

On September 17, 2020, I directed Plaintiff to pay the $400 filing and administrative fee. (Doc. No. 2.)  I found it would be futile to ask Plaintiff to file a Motion for Leave to Proceed *In*

*Forma Pauperis* based on his litigation history. (*Id.*) As I noted in the September 14, 2020 Order, Plaintiff failed to allege that he is in imminent danger of the serious physical harm contemplated by 28 U.S.C. § 1915(g), and his Complaint did not otherwise imply or indicate that he is in imminent danger of serious physical harm. (*Id.* at 2.) For example, Plaintiff complained about: (1) the quantity of food provided and prices at the commissary; (2) dirty clothing and bedding; and (3) the cleanliness and safety of the facility. (Doc. No. 1 at 1-2.)

As to the quantity of food, Plaintiff alleged the Detention Center provides food that is calorically inadequate. He claimed "the food is awful and short in calories due to small amounts given to inmates. Inmates lose from 5-to-10 pounds per week, bones are weak, and body aches with pain from hunger." (*Id.* 1 at 4.) Plaintiff's allegations are made as to "inmates." "As a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties." *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008). Plaintiff did not explain his personal experience with Detention Center meals. He provided no details as to the food served, the frequency of the alleged inadequate diet, or duration of the alleged inadequate diet. Plaintiff also did not allege any personal harm. This prevents a finding not only of imminent danger but standing. *See Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).

Plaintiff did allege harm to "inmates": weight loss due to small portions and hunger pains. Even considering Plaintiff personally suffered these harms, weight loss and hunger pains—without more—do not establish imminent danger of serious physical harm. Other courts have reached the same conclusion under similar circumstances. *See Daker v. Bryson,* 784 Fed. Appx. 690, 693 (11th Cir. Aug. 8, 2019) (*per curiam*) (plaintiff alleging denial of nutritionally adequate food and weight loss did not establish imminent danger); *Sayre v. Waid*, case no. 1:08cv142, 2009 WL

2

249982, at *2 (N.D. W.V. Feb. 2, 2009) ("[W]eight loss, in and of itself, is not indicative of a serious physical injury . . . ."); *Sims v. Caruso*, case no. 1:11-CV-92, 2011 WL 672232, at *2 (W.D. Mich. Feb. 18, 2011) ("The fact that Plaintiff has lost some weight, standing alone, falls short or establishing serious physical injury"); *Mateo v. Vosbrink*, case no. 5:06-CV-115-SPM, 2006 WL 2038499, at *2 (N.D. Fla. July 18, 2006) ("The fact that Plaintiff is constantly hungry and suffers hunger pangs does not constitute a serious physical injury . . . ."); *Cole v. Crews*, case no. 4:14CV419-WS, 2014 WL 4928928, at *9 (N.D. Fla. Oct. 1, 2014). Plaintiff's allegation of weak bones is conclusory and unsupported by factual allegations.

Plaintiff complained about high prices at the commissary. There is no constitutional right to purchase goods from a commissary. *See Amos v. Stolzer*, case no. 1:14CV63 SNLJ, 2014 WL 6473596, at *9 (E.D. Mo. Nov. 18, 2014) (and cases cited therein). Plaintiff cannot establish imminent harm through his allegations of price gouging.

As to dirty clothes and linens, Plaintiff said inmates' clothes and linens are dirty, causing inmates' skin to itch and break out. He did not explain how frequently his clothes are laundered and he did not describe his own bed. He also did not describe how the dirty clothes and linen affected him. Even assuming Plaintiff's skin itched and he suffered a breakout, I cannot find imminent danger of serious physical harm. *See, for example, Dundee v. Rambo*, case no. 4:08-CV-4127, 2011 WL 776161, at *2, 7 (W.D. Ark. Feb. 3, 2011), *report and recommendation adopted*, case no. 4:08-CV-4127, 2011 WL 1086504 (W.D. Ark. Feb. 28, 2011) (allegations of rash resulting from clothes not regularly laundered *de minis*).

Plaintiff also alleged the Detention Center "cut the cleaning supplies to streach the cleaning supplies to the point it do not kill germs so inmates stay sick a lot . . . ." (Doc. No. 1 at 2.) I interpret this allegation to be that Detention Center staff is diluting cleaning supplies. Plaintiff,

3

again, failed to allege how any diluted cleaning supplies affected him personally. Further, his claim is conclusory.

Plaintiff claims some inmates have popped the locks on cell doors and "sometimes attack[ed] other inmates." (*Id.* at 3.) These allegations are of past events. Past events will not satisfy the imminent danger exception unless there is also a threat of continuing or future injury. *See Martin*, 319 F.3d at 1050. Plaintiff says the locks in the Detention Center are faulty, but has not alleged the lock on his cell door does not work properly. And he has not pled facts indicating he was attacked or that future attacks are likely. Plaintiff maintains the Detention Center is run like a prison. As I noted, that does establish imminent danger. Accordingly, I gave Plaintiff fourteen days in which to pay the $400 filing and administrative fee. (Doc. No. 2.)

Plaintiff filed a Motion for Reconsideration, which I denied on October 1, 2020. (Doc. Nos. 3, 4.) I noted that Plaintiff raises issues in his Motion that are outside the scope of his Complaint. Further, he failed to establish he is under imminent danger of serious physical harm. Plaintiff believes he was infected with Covid-19 at the Detention Center and complained he still has chest pain upon inhaling. (Doc. No. 3 at 1, 6.) He also confirmed, however, that he has "healed on his own." (*Id.*) He has not complained of shortness of breath or other serious symptoms. Pain, without more, does not establish imminent danger. *See Moore v. Scheutzle*, 354 F. Supp. 2d 1065 (D.N.D. 2005), *aff'd* 172 Fed. Appx. 133 (8th Cir. 2006) (*per curiam*).

In his Motion for Reconsideration, Plaintiff's alleged imminent danger was the threat of reinfection. (Doc. No. 3 at 5, 6-7.) He argued the general cleanliness of the facility, lack of Covid-19 testing at the facility, and his past placement together in a room and a transporting vehicle with an inmate "that had not been removed from the quarantine unit" placed him at risk for contracting the virus again. (*Id.* at 4.) Mr. Randle did not otherwise allege a lack of precautionary measures

at the Detention Center. Rather, his pleading indicated the Detention Center has a "quarantine unit" and monitors inmates' temperatures. (*Id*.) His alleged exposure through being placed in a room and transport vehicle with another inmate was a past event, and Mr. Randle made no showing that further exposure was likely to occur. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Based on the above, I again found Plaintiff failed to establish imminent danger.

On October 1, 2020 I gave Plaintiff an additional fourteen days in which to pay the filing fee, but he has not done so. (Doc. No. 4.) Accordingly, I recommend that this action be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 19th day of October 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE